UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CITY OF PROVIDENCE and CITY OF )
CENTRAL FALLS, )
    Plaintiff, )
)
v. )
) C.A. No. 18-CV-00437-JJM-LDA
WILLIAM P. BARR, in his Official )
capacity as Attorney General of the )
United States, and the UNITED )
DEPARTMENT OF JUSTICE )
    Defendant. )
)

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Pursuant to 34 U.S.C. §10152(a), Byrne JAG Program provides federal funding for state and local municipalities to support local responses to criminal justice-related concerns upon timely receipt of an application by state or local municipalities. The U.S. Department of Justice administers the program. The City of Providence received $212,112 of Byrne JAG Program funding (ECF No. 20-3 at 79) and planned to use the funds to hire bilingual interpreter to support building cooperation with immigrant population in Fiscal Year 2017. ECF No. 20-3 at 8, 9. The City of Central Falls received $28,677 of Byrne JAG Program funding (ECF No. 20-3 at 51) and it was critical to the city funding local law enforcement after its 2012 bankruptcy. ECF No. 20-3 at 40.

The DOJ issued a press release stating it would enforce three conditions known as Access, Notice, and Section 1373 conditions on Byrne JAG Program funding. ECF No. 25 at 40.

- The Access condition requires a recipient to provide federal immigration enforcement agents with access to the recipient's correctional facilities. ECF No. 20-3 at 52-71.

- The Notice condition requires a recipient to provide federal immigration enforcement agents notice of a scheduled release for a suspected alien in custody. ECF No. 20-3 at 52-71.

- The Section 1373 condition prohibits a recipient from restricting their officials from sending or receiving information, described in 8 U.S.C. 1373(a), or maintaining, or exchanging information, described in 8 U.S.C. 1373(b), regarding citizenship or immigration status with federal immigration enforcement. ECF No. 20-3 at 52-71.

The Cities have filed a complaint alleging that the Access, Notice, and Section 1373 conditions violate the Separation of Power (Count 1), Tenth Amendment (Count IV), Spending Clause (Count V), and represent both ultra vires (Count 11) and arbitrary and capricious agency conduct (Count III). ECF No.15 at 30-38. The Cities now move for summary judgment on all claims relating to Byrne JAG Program funds for FY 2017. ECF No. 20 at 1. Also, the Cities seek a Writ of Mandamus directing the DOJ to immediately disburse the Cities' FY 2017 award funding and reissue FY 2017 award letters without the three challenged conditions. ECF No.20-1 at 63.

Additionally, the Cities seeks a permanent injunction enjoining DOJ from imposing the Access, Notice, and Section 1373 conditions on the City of Providence and City of Central Falls. ECF No. 20-1 at 63.

The case before the Court now is not a novel one because several jurisdictions, such as the Northern District of Illinois and Eastern District of Pennsylvania, and the 3rd and 7th Circuits, have considered litigation on similar claims brought by similarly situated plaintiffs. The Court focuses its analysis on the threshold issue: whether statutory authority existed to authorize the Attorney General to enact the Challenged Conditions. If statutory authority was lacking, then the Court need not reach the other claims.

A. Statutory Authorization for the Challenged Conditions

The Attorney General presents three sources of statutory authority to impose the FY 2017 immigration-related conditions: the Byrne JAG statute itself, 34 U.S.C. § 10153(a) of the Byrne JAG statute, and the statutory provision defining the duties of the Assistant Attorney General for the DOJ's Office of Justice Programs found in 34 U.S.C. § 10102(a). In *City of Philadelphia v. Attorney Gen. of United States of America*, 916 F.3d 276, 292 (3d Cir. 2019), the Third Circuit rejected these identical arguments and held that the Attorney General lacks statutory authorization to impose the challenged conditions for the following highlighted reasons.

First, while the Byrne JAG statute delegates some authority to the Attorney General to withhold funds for a grantee's failure to comply with certain laws, the sweeping nature of withholding all of a grantee's funds for any reason the Attorney

General chooses is not supported by its plain text. While the Attorney General argues that "examination of the relevant statutory framework of the Byrne JAG program makes clear that Congress did delegate such authority," (ECF No. 23 at 13), the Third Circuit explained that "[s]uch authorization is nowhere to be found in the text of the [Byrne JAG] statute." *City of Philadelphia*, 916 F.3d at 284.

Next, neither 34 U.S.C. § 10153 (a)(4), relating to data reporting, nor 4 U.S.C. § 10153 (a)(5), relating to Byrne JAG program funding recipients' certification that "there has been appropriate coordination with affected agencies," authorized imposing the Access and Notice conditions unrelated to the use of grant funds because the data-reporting requirement is limited to "programmatic and financial" information and the coordination requirement should be interpreted as relating to certification that there was appropriate coordination in terms of Byrne JAG program funding recipient applications.

The Attorney General also argues that the Section 1373 Condition is authorized by 34 U.S.C. § 10153(a)(5)(D), which requires Byrne JAG program recipients to "comply with all provisions of this part and all other applicable Federal laws." The Third Circuit rejected the argument that Section 1373 is an "applicable law" for several reasons. First, the term "applicable" must be given some independent effect as Congress did not write that the applicant must certify compliance with "all other Federal laws." Next, the applicable laws clause is located in the fourth of four subsections, all of which relate to the programs that will be funded under the grant. Additionally, the effect of the government's argument that the Section 1373 Condition

4

empowers it to impose the challenged conditions is undercut by the "Administrative Provisions" section of the same chapter of the code as the Applicable Laws Clause, which states, "Nothing in this chapter or any other Act shall be construed to authorize any department, agency, officer, or employee of the United States to exercise any direction, supervision, or control over any police force or any other criminal justice agency of any State or any political subdivision." 34 U.S.C. § 10228.

Lastly, although, pursuant to 34 U.S.C.§ 10102(a)(6), "[t]he Assistant Attorney General shall ... exercise such other powers and functions as may be vested in the Assistant Attorney General ... including placing special conditions on all grants," the word "including" is a limiting word meaning that "the power to place special conditions on grants only to the extent that such power has been vested in him or her 'pursuant to this chapter or by delegation of the Attorney General'."

The Third Circuit concluded by saying that neither the Byrne JAG statute nor any other provision of the United States Code vests the Attorney General or the Assistant Attorney General with the authority to place the three challenged condition on grant recipients.

The Court finds the reasoning of the Third Circuit persuasive and concludes that the Attorney General exceeded his statutory authority in imposing the Challenged Conditions.

B.  Relief

    a.  Writ of Mandamus

Under the Mandamus Act, 28 U.S.C. § 1361, this Court is authorized to "compel an officer…of the United States or any agency thereof to perform a duty owed to" the Plaintiffs. Under the APA, 5 U.S.C. § 706(1), the Court is authorized to "compel agency action unlawfully withheld or unreasonably delayed." The Court considers the following factors under Section § 706(1) : (1) "[t]he length of time that has elapsed since the agency came under a duty to act," (2) "[t]he reasonableness of the delay … in the context of the statute authorizing the agency's action," (3) "[t]he consequences of the agency's delay;" and (4) "[a]ny plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources."

- For the first factor, the Cities received their FY 2017 Award Letters on June 26, 2018 and the DOJ had a duty to pay the funds; however, no funds have been disbursed to the Cities. ECF No. 20-3 at 51 and 79.
- For the second factor, because 34 U.S.C. § 10156(a)(1) requires that "the Attorney General *shall … allocate*" Byrne JAG program funding, there exist a mandatory duty on the DOJ to pay the funds as soon as possible. Thus, the Cities have experienced an unreasonable delay of almost two years.
- For the third factor, the City of Central Falls has demonstrated harm as the lack of Byrne JAG program funding, a critical component of the

6

City's budget after its 2012 bankruptcy, is detrimental to the city's ability to fund local law. ECF No. 20-3 at 40. Furthermore, the City of Providence showed harm as the lack of Byrne JAG program funding will have a negative impact on local law enforcement efforts, such as the hiring of a bilingual interpreter to further support building cooperation with immigrant population, which has reduced crime by 32%. ECF No. 20-3 at 8, 9.

- For the fourth factor, the Attorney General has not pleaded an administrative error, administrative inconvenience, practical difficulty or need to prioritize limited resources that would prevent the DOJ from paying the funds.

b. Injunction

Because the Cities have pleaded, and the factual record indisputably supports harm tailored to the Cities, the Court finds an injunction as an appropriate remedy to restrain the alleged harmful conduct by the DOJ.

CONCLUSION

The Cities' Motion for Partial Summary Judgment (ECF No. 20) is GRANTED; and Attorney General's Motion to Dismiss or, in the alternative, Cross Motion for Partial Summary Judgment (ECF No. 23) is DENIED.

Moreover, the Cities' request for a Writ of Mandamus directing U.S. Department of Justice ("DOJ") to immediately disburse the Cites' FY 2017 award funding in according with the stipulation order (ECF No. 8) and reissue FY 2017

award letters without the three challenged conditions is GRANTED. ECF No. 20 at 73.

The Cities shall draft, in consultation with the Attorney General, consistent with today's ruling, a permanent injunction enjoining DOJ from imposing the Notice, Access, and Section 1373 conditions on them.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 10, 2019