UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITY OF PROVIDENCE and CITY OF CENTRAL FALLS,<br>　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States, and the UNITED STATES DEPARTMENT OF JUSTICE,<br>　　Defendants. | C.A. No. 18-CV-00437-JJM-LDA |

# ORDER

This Court previously issued an Order (ECF No. 30) and Partial Judgment (ECF No. 35) involving the Fiscal Year ("FY") 2017 Edward Byrne Memorial Justice Assistance Grant Program Awards ("Byrne JAG") for the Cities of Providence and Central Falls (together, the "Cities"). For the FY 2018, the United States Department of Justice (the "DOJ") has continued the FY 2017 conditions (with slight modifications) and imposed three additional conditions (collectively, the "FY 2018 Conditions") on the receipt of Byrne JAG award funding.

The Cities challenge the FY 2018 Conditions and move for partial summary judgment (ECF No. 34) and the DOJ moves to dismiss or, in the alternative, moves for partial summary judgment. ECF No. 40. The Court finds the FY 2018 Conditions unlawful because the DOJ has again gone outside its powers by imposing conditions not authorized by Congress. The Court orders the relief requested by the Cities.

*Background*

Under 34 U.S.C. §10152(a), the Byrne JAG Program provides federal funding (such funding, an "Award") for state and local municipalities to support local responses to criminal justice-related concerns upon timely receipt of an application. The DOJ administers the program. 34 U.S.C. §10152(a)(1). The DOJ has imposed conditions—six of which are relevant here (three conditions had been imposed on the FY 2017 Awards and three additional conditions)—that the recipients must meet before they can receive their Award. *See* U.S. Dep't of Just., Byrne JAG Program, FY 2018 Local Solicitation (hereinafter, "FY 2018 Local Solicitation"). The Cities allege that the conditions on the FY 2018 Awards represent both ultra vires and arbitrary and capricious agency conduct. ECF No. 34 at 21-33.

The Cities seek (1) a declaratory judgment that the FY 2018 Conditions are unlawful and unconstitutional; (2) a permanent injunction enjoining DOJ from imposing these or similar conditions; and (3) a Writ of Mandamus directing the DOJ to immediately disburse the Cities' FY 2018 Award funding. *Id.* at 56. The DOJ moves to dismiss the complaint or, in the alternative, moves for partial summary judgment in its favor. ECF No. 40.

*Revised FY 2017 Conditions*

For FY 2017, the DOJ set forth three conditions termed Access, Notice, and Section 1373 conditions on Byrne JAG Program funding. The Access condition requires a recipient to provide federal immigration enforcement agents with access to the recipient's correctional facilities. *See* ECF No. 20-3 at 68. The Notice condition

2

requires a recipient to provide federal immigration enforcement agents notice of a scheduled release for a suspected alien in custody. *See id.* The Section 1373 condition prohibits a recipient from restricting their officials from sending or receiving information, described in 8 U.S.C. 1373(a), or maintaining, or exchanging information, described in 8 U.S.C. 1373(b), about citizenship or immigration status with federal immigration enforcement. *See id.* at 66. This Court held that the Attorney General exceeded his statutory authority in imposing these conditions for FY 2017 Awards and the DOJ's conditioning of Awards as such was ultra vires because the conditions were not authorized by Congress. ECF No. 30.

For FY 2018, the DOJ set forth almost identical Access, Notice, and Section 1373 conditions. The only difference in these conditions from FY 2017 is the inclusion of statutory references, which were added to bolster DOJ's argument that it is authorized to impose these conditions. *See City of L.A. v. Jefferson B. Sessions*, No. CV-18-7347-R, 2019 WL 1957966, *3, 5 (C.D. Cal., Feb. 15, 2019). These minor changes do not move the needle for the Court. The Court continues to conclude that the Attorney General exceeded his statutory authority in imposing these conditions for FY 2018 Awards and the DOJ's conditioning of the Awards as such is ultra vires because the conditions are not authorized by Congress.

*FY 2018 Additional Conditions*

For FY 2018, the DOJ added three additional conditions. *See* FY 2018 Local Solicitation. The first new condition forbids Byrne JAG grantees from disclosing any information to conceal, harbor, or shield from detection any person who has

3

unlawfully entered or remains in the United States (the "Harboring Condition"). *Id.* at 36. The second new condition requires that Byrne JAG grantees answer a questionnaire about their laws, policies, and practices about communicating with immigration authorities, and to provide an opinion on whether those laws, policies, and practices comply with Section 1373 ("the Questionnaire Condition"). *Id.* at 28, 52. And the third new condition requires grantees to certify compliance with additional federal immigration statutes derived from the Immigration and Nationality Act, including 8 U.S.C. §§ 1226(a) and (c), 1231(a)(4), 1324(a), 1357(a), and 1366(1) and (3) (the "Certification Condition"). *Id.* at 44.

The issue here is not a novel one. In addition to the many courts that have struck down the three conditions for FY 2017, every court to consider the restrictions for FY 2018 has also struck them down. *See, e.g., City of L.A.*, No. 18-7347, at *5-8; *City & Cty. of S.F. v. Sessions*, 372 F. Supp. 3d 928 (N.D. Calif. 2019); *City of Chi. v. Barr*, No. 18-C-6859, 2019 WL 4511546, at *17 (N.D. Ill. Sept. 19, 2019); and *City of Evanston and the United States Conf. of Mayors*, No. 18-C-4853, 2019 WL 4694734, at *12 (N.D. Ill. Sept. 26, 2019). This Court comes to the same conclusion.

While the Byrne JAG statute delegates some authority to the Attorney General to withhold funds for a grantee's failure to comply with certain laws, as the Third and Seventh Circuits recognized, nothing in the Byrne JAG statute "grant[s] the Attorney General the authority to impose conditions that require states or local governments to assist in immigration enforcement." *City of Chi. v. Jefferson B. Sessions III, Attorney Gen. of the United States*, 888 F.3d 272, 284 (7th Cir. 2018), *vacated in part*

4

on other grounds; *see also City of Phila. v. Attorney Gen. of the United States*, 916 F.3d 276, 284 (3d Cir. 2019) ("[s]uch authorization is nowhere to be found in the text of the [Byrne JAG] statute").

Simply put, the DOJ is claiming a sweeping power to use Byrne JAG special conditions to impose compliance with any federal statute of their choosing, no matter if the statute applies on its face to state and local governments. As the Third Circuit explained, "[a]llowing the Attorney General to withhold all funds because a jurisdiction does not certify compliance with any federal law of the Attorney General's choosing undermines the predictability and consistency embedded in the program's design, thus turning the formula grant into a discretionary one." *City of Phila.*, 916 F.3d at 290.

Because the FY 2018 additional conditions—Harboring, Questionnaire, and Certification Conditions—are substantive immigration policy conditions unmoored in the text, structure, or purpose of the Byrne JAG statute, DOJ acted outside its statutory authority in imposing them. *See City & Cty. of S.F.*, 372 F. Supp. 3d at 947 (concluding that "imposition of the [additional] conditions is ultra vires"); *City of L.A.*, No. 18-7347, at *5-8 (concluding that the additional conditions are "ultra vires as a matter of law and a violation of separation of powers").

Congress has not granted the power to impose the conditions the DOJ imposed for FY 2018 and so these acts are ultra vires and violate the separation of powers. *See City & Cty. of S.F.*, 372 F. Supp. 3d at 947. There is thus no need to address whether it also violates the spending clause and/or is arbitrary and capricious.

5

*Conclusion*

The Court GRANTS the Cities' Motion for Partial Summary Judgment (ECF No. 34); and DENIES the Attorney General's Motion to Dismiss for Failure to State a Claim and, in the alternative, Motion for Partial Summary Judgment. ECF No. 40. Moreover, the Cities' request for a Writ of Mandamus directing the U.S. Department of Justice to immediately issue the Cities' FY 2018 Award letters and disburse the Cites' FY 2018 Award funding in accordance with this ruling and without the challenged conditions is GRANTED.

The Cities shall draft, in consultation with the Attorney General, consistent with this ruling, a declaratory judgment, a permanent injunction enjoining DOJ from imposing the FY 2018 Conditions on them, and a Writ of Mandamus directing the Department of Justice immediately to disburse the FY 2018 Award funding.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 14, 2019

6