IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CITY OF PROVIDENCE, *et al.*,

    Plaintiffs,

v.

WILLIAM P. BARR, *et al.*,

    Defendants,

Civil Action No.
CA-18-437-JJM-LDA

### JUDGMENT OF INJUNCTION AND WRIT OF MANDAMUS

Pursuant to, and for the reasons set forth in, this Court's Memorandum and Order of November 14, 2019 (Docket No. 47), granting the City of Providence and the City of Central Falls' (the "Cities") Motion for Partial Summary Judgment (Docket No. 34), with respect to the Fiscal Year 2018 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") award claims at issue in this litigation, it is ORDERED, ADJUDGED, and DECREED as follows:

1. With respect to the Byrne JAG awards for Fiscal Year 2018 (a "FY2018 Award") made to the Cities, the Department of Justice ("DOJ") is permanently enjoined from enforcing any special condition on a recipient's FY2018 Award that imposes or requires any of the following (the "Enjoined Conditions") as a condition of eligibility for, or receipt of, FY2018 Byrne JAG award funds:

    a. That the Cities provide federal immigration enforcement agents with access to their correctional facilities (the "Access Condition");

    b. That the Cities provide federal immigration enforcement agents with notice of a scheduled release of a suspected alien in custody (the "Notice Condition");

    c. That the Cities not restrict, in contravention of 8 U.S.C. §§ 1373 and 1644, the sharing, maintenance, or exchange of information regarding citizenship or immigration status with federal immigration enforcement authorities (the "1373 and 1644 Conditions");

    d. That the Cities not disclose information in an attempt to conceal, harbor, or shield from detection any alien who unlawfully has entered or remains in the United States (the "Harboring Condition");

    e. That the Cities answer a questionnaire about their laws, policies, and practices about communicating with immigration authorities, and to provide an opinion as

to whether those laws, policies, and practices comply with 8 U.S.C. § 1373 (the "Questionnaire Condition"); and

   f. That the Cities certify that they do not have laws or policies that would impede the Department of Homeland Security's exercise of authority under 8 U.S.C. § 1357(a) or relating to 8 U.S.C. §§ 1226(a) and (c), 1231(a)(4), 1324(a), and 1366(1) and (3) ("the Certification Condition");

2. DOJ is mandated to disburse the Cities' FY2018 Awards, specifically:

| Award No. | Award Recipient | Grant Award Amt. |
|---|---|---|
| 2018-DJ-BX-0911 | City of Providence | $211,879.00 |
| 2018-DJ-BX-0905 | City of Central Falls | $29,286.00 |

These disbursement shall be made despite the Cities' failure to certify compliance with the Access Condition, the Notice Condition, the 1373 and 1644 Conditions, the Harboring Condition, the Questionnaire Condition, and the Certification Condition as set forth in the award documents for the Cities' FY2018 Awards; provided, however, that nothing in this Order shall relieve the Cities' from their obligations to provide certification of, and compliance with, any other condition of the Cities' FY2018 Awards other than the Enjoined Conditions, and DOJ is not required to disburse the Cities' FY2018 Awards until such other conditions for disbursement are met. Acceptance of FY2018 Award funds by the Cities shall not be construed as acceptance of the Enjoined Conditions;

3. In their acceptance of the FY2018 Awards, the Cities may include notations or additional pages indicating that they are not certifying compliance with the Access Condition, the Notice Condition, the 1373 and 1644 Conditions, the Harboring Condition, the Questionnaire Condition, and the Certification Condition so long as this Court's Order remains in effect;

4. DOJ must process and approve the Cities' requests for drawdowns of their respective FY 2018 Byrne JAG funds as it would in the ordinary course and without regard to the Enjoined Conditions;

5. Nothing in this Order shall impair, affect, or relieve the Cities from the obligation to certify and comply with any and all other grant conditions apart from the Access Condition, the Notice Condition, the Section 1373 and 1644 Conditions, the Harboring Condition, the Questionnaire Condition, and the Certification Condition, nor shall it impair DOJ's ability to enforce the conditions in the Cities' FY 2018 Awards other than the Access Condition, the Notice Condition, the Section 1373 and 1644 Conditions, the Harboring Condition, the Questionnaire Condition, and the Certification Condition;

6. The Cities' rights to seek reasonable costs, including attorneys' fees, for this matter and any future related proceedings, are reserved.

7. Because this Court's resolution of the Cities' Motion for Partial Summary Judgment (Docket No. 34) with regard to their FY2018 Award claims is conclusive of all claims brought by the Cities in their Amended Complaint (Docket No. 15), including previously resolved claims related to their FY2017 Awards (*see* Memorandum and Order of June 10, 2019 (Docket No. 47) and Partial Judgment of Injunction and Writ of Mandamus of June 27, 2019 (Docket No. 35)), judgment in this matter is appropriate and shall enter forthwith in favor of the Cities.

**SO ORDERED:**

JANUARY 10, 2020

HON. JOHN J. McCONNELL, Jr.
UNITED STATES DISTRICT JUDGE